IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **SHANTEAU BIRGS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-2468 |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CITY OF MEMPHIS; KENNETH GIBBS, JOHN GORLEY, and WILLIAM KINGERY, in their individual capacities,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant City of Memphis' (the "City") August 6, 2009, Motion to Dismiss Plaintiff Shanteau Birgs' suit. See Fed. R. Civ. P. 12(b)(6). Plaintiff responded in opposition on September 8, 2009. The City argues that 1) this Court does not have jurisdiction to hear Birgs' claim under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§ 29-20-101 – 408; 2) Birgs has failed to plead facts sufficient to support a cause of action under 42 U.S.C. § 1983; and 3) Birgs has failed to state a claim under the TGTLA. For the following reasons, the Court agrees that Birgs has failed to state a plausible § 1983 claim against the City and, therefore, GRANTS its Motion to Dismiss IN PART.

## I. BACKGROUND

According to her Complaint, Birgs, who works as a school teacher, was driving her car in Memphis, Tennessee, on July 18, 2008, when Officers Kenneth Gibbs and William Kingery of the Memphis Police Department pulled her over at 8:15 PM.[1] (Compl. ¶¶ 8, 19.) Her seven year-old son was in the car with her. (Id. ¶ 8.) Birgs was unable to immediately locate her car's registration papers, but managed to find them after the officers had stepped behind her car. (Id.) When Birgs exited her vehicle to hand the officers her registration, Gibbs allegedly "cursed at [her], grabbed her, forcibly restrained her, and pushed her against the vehicle." (Id.) Kingery then allegedly held Birgs' face on the pavement as Gibbs "jammed his knee" into her back and hand-cuffed her. (Id.) Officers then placed Birgs into a police van, leaving her seven-year-old son behind in the car. (Id.)

Plaintiff further alleges that Officer Gorley[2] removed her from the van, cursed her, and transferred her to a transport vehicle by "grabb[ing] the chain on the handcuffs and forcibly thr[owing] the Plaintiff by the handcuff chain into the back seat." (Id. ¶ 9.) Officers arrested Birgs and charged her with speeding and simple assault. (Id. ¶ 11.) Birgs alleges that a

---

[1] The Complaint does not state the name of the street on which Birgs was traveling.
[2] The Complaint does not reveal how Officer Gorley arrived at the scene.

2

false assertion that she "struck Officer Gibbs about the face and chest" formed the basis for the assault charge. (Id.) Ultimately, prosecutors dropped all charges. (Id.)

Because of the officers' actions, Birgs alleges that she suffered "bruising, swelling, and pain" along with "permanent scarring" on her shoulders, forearms, wrists, and knees. (Id. ¶ 10.) Birgs also asserts that the incident caused her to suffer "severe emotional distress." (Id.) Plaintiff declares that officers assaulted her without justification and that their use of force was excessive. (Id. ¶ 12.)

Birgs filed suit on July 17, 2009, against the City and Officers Gibbs, Gorely, and Kingery. (Id. at 1.) Birgs charges that the Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures and that the City failed to train its officers adequately in the proper use of force. (Id. ¶¶ 14-24.) Plaintiff also alleges state-law claims of assault and battery and negligence against all Defendants. (Id. ¶¶ 25-33, 42-47.) She asserts claims of intentional and negligent infliction of emotional distress against the individual Defendant officers. (Id. ¶¶ 34-41.) She seeks compensatory and punitive damages against the Defendants along with an award of attorneys' fees. See 42 U.S.C. § 1988. The City has filed the present Motion to test the adequacy of Plaintiff's Complaint.

## II. JURISDICTION

This Court has original jurisdiction over Plaintiff's federal claims under the general federal question jurisdiction conferred by 28 U.S.C. § 1331. The City asserts that supplemental jurisdiction is inappropriate in this case because of the TGTLA's stated preference that all claims under it should be filed in Tennessee's circuit courts. (Defendant's Memorandum in Support of Its Motion to Dismiss at 4-5) ("Def's. Memo"); see Tenn. Code Ann. § 29-20-307 ("The circuit courts shall have exclusive jurisdiction over any action brought" under the TGTLA). The City argues that this statutory preference is an "exceptional circumstance" that requires the Court to refuse to hear Plaintiff's state-law claims. (Def.'s Memo at 4.) Plaintiff responds that the Court should exercise the supplemental jurisdiction conferred by 28 U.S.C. § 1367 because it would be enormously inefficient to try one constitutional case in two different forums arising from the same set of facts. (Plaintiff's Response in Opposition at 8-9.) ("Pl's. Resp.")

Congress granted the federal courts the authority to hear "all . . . claims that are so related to claims in [an] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The City does not dispute that the claims in Birgs' suit are part of the same

4

constitutional case or controversy. (See Def.'s Memo at 4-5.) However, district courts' exercise of their supplemental jurisdiction is discretionary. See 28 U.S.C. § 1367(c) (noting that district courts "may decline to exercise supplemental jurisdiction" (emphasis added)). One circumstance in which a court may decline to exercise its supplemental jurisdiction is where an "exceptional circumstance[]" exists. Id. § 1367(c)(4). The Sixth Circuit has held that the TGTLA's preference for state circuit courts may serve as an exceptional circumstance permitting a court to decline to exercise its jurisdiction. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000), abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 609 (2001). Nonetheless, where invoking the exceptional circumstance objection would "necessitate duplicative litigation which would be wasteful of judicial and litigant resources," federal courts have declined to dismiss TGTLA claims. Brown v. City of Memphis, 440 F. Supp. 2d 868, 878 (W.D. Tenn. 2006); see also Lopez v. Metro. Gov't of Nashville and Davidson County, 646 F. Supp. 2d 891, 920-21 (M.D. Tenn. 2009) (following Brown); Johnson v. City of Memphis, No. 06-2052 Ma/P, 2006 U.S. Dist. LEXIS 62823, at *5-6 (W.D. Tenn. Aug. 31, 2006) (same).

In the present suit, to decline to exercise supplemental jurisdiction over Plaintiff's TGTLA claims would waste the

5

resources of the parties and the state and federal courts. See Brown, 440 F. Supp. 2d at 878. All of Plaintiff's claims derive from the same "common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). The City has offered no adequate reason to justify the "waste of time and resources" that would result from separate state and federal proceedings. Lopez, 646 F. Supp. 2d at 921. The Court, therefore, finds that exercising supplemental jurisdiction is appropriate and DENIES the City's Motion to Dismiss based on lack of jurisdiction.

### III.  STANDARD OF REVIEW

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain

6

statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.)

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

### IV. ANALYSIS

#### A. Birgs' Complaint Does Not State a § 1983 Failure-to-Train Action Against the City

The City argues that Birgs fails to state a cause of action under § 1983 for failure to train because she does little more than state the elements of a valid claim in a conclusory manner

7

with no facts to support her assertions.[3] (Def.'s Memo at 2-3.) Plaintiff responds that her minimal pleading prevents the City from showing that she "can prove no set of facts which would entitle [] her to relief under the allegations stated in the Complaint." (Pl's. Resp. at 2 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957).)

In its seminal opinion in Twombly, the Supreme Court expressly abrogated the "no set of facts" language Plaintiff cites. See 550 U.S. at 563 (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). After Twombly, all complaints must contain facts sufficient to "to state a claim to relief that is plausible on its face" if they are to survive a motion to dismiss. 550 U.S. at 570. Mere reliance on legal conclusions stated as facts will no longer suffice. Iqbal, 129 S. Ct. at 1949. Viewed in this light, Birgs' claim against the City for failure to train cannot survive.

To state a successful claim under § 1983 for failure to train, the municipality's failure must "amount[] to deliberate indifference to the rights of persons with whom the police come into contact." Slusher v. Carson, 540 F.3d 449, 457 (6th Cir.

---

[3] Plaintiff acknowledges that she does not seek to establish a claim under the Due Process Clause of the Fourteenth Amendment or any provision of the Tennessee Constitution. (See Pl's. Resp. at 5, 7.) Birgs also acknowledges that she cannot seek punitive damages against the City under § 1983 or the TGTLA. (See id. at 11); see also Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."); Tipton County Bd. of Educ. v. Dennis, 561 S.W.2d 148, 152 (Tenn. 1978) (same for claims under TGTLA).

8

2008) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)) (emphasis in original; internal quotation marks omitted). A plaintiff must demonstrate that the municipality "has ignored a history of abuse," and was on clear notice that its training was deficient to prove that the municipality was deliberately indifferent. Id. (internal quotation marks and citations omitted). The easiest way for an individual to meet her burden is to point to past incidents of similar police conduct that authorities ignored. Id. (citing Miller v. Calhoun County, 408 F.3d 803, 816 (6th Cir. 2005)).

Birgs argues that her Complaint meets these criteria. She points to the following excerpt as evidence:

> 21. Defendant City of Memphis permitted, encouraged, and tolerated an official pattern, practice or custom of its employees' violation of the constitutional rights of the public at large, including the Plaintiff's.
>
> 22. Defendant City of Memphis failed to properly train and instruct the individual Defendants in the proper use of force. Defendant City of Memphis acquiesced in the use of excessive force and/or ratified the actions of the Defendant Officers in the use of excessive force.
>
> 23. The actions of all Defendants constitute willful misconduct or an entire want of such care or recklessness as to raise a presumption that the actions were done with conscious indifference to the consequences in a willful and wanton manner and that Plaintiff is entitled to have punitive damages assessed against Defendants.

(Pl's. Resp. at 6 (quoting Complaint ¶¶ 21-23).) The allegations are nothing more than "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Stripped of legal language, Plaintiff's Complaint contains no facts that could plausibly lead one to believe that the City deliberately ignored a history of abuse by officers in the Memphis Police Department. See Slusher, 540 F.3d at 457. The Complaint also fails to allude to any incident of brutality other than the one Birgs allegedly suffered. Cf. St. John v. Hickey, 411 F.3d 762, 776 (6th Cir. 2005) (noting that a plaintiff will ultimately have to show "prior instances of unconstitutional conduct" to have a chance of prevailing (internal quotation marks and citation omitted)). Although intensive fact pleading is not required, a plaintiff has the burden to plead more than conclusory statements. Iqbal, 129 S. Ct. at 1949. Because Birgs' Complaint fails to allege "more than a sheer possibility that a defendant has acted unlawfully," the Court GRANTS the City's Motion to Dismiss Birgs' failure-to-train claim. Id.

### B. The TGTLA Permits Claims of Assault and Battery and Negligence

The City's final argument is that the TGTLA prohibits Birgs' claims of negligence and assault and battery against it. The City also argues that, if such a claim is possible, Birgs

must demonstrate that the officers' actions, if improper, were foreseeable. (Def's. Memo at 5-6.) Birgs responds that Tennessee case law allows a claim such as hers to proceed. (Pl's. Resp. at 10-11.)

The TGTLA removes a municipality's immunity for injuries "proximately caused by a negligent act or omission of any employee within the scope of his employment." Tenn. Code Ann. § 29-20-205. However, it does not remove immunity where the injury arises out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights." Id. § 29-20-205(2). In Limbaugh v Coffee Medical Center, 59 S.W.3d 73, 84 (Tenn. 2001), the Tennessee Supreme Court overruled several earlier cases and held that the TGTLA preserves a municipality's immunity only for those intentional torts specifically listed in subsection two. Limbaugh specifically held that the TGTLA does not exempt municipalities from liability for assault and battery. Id. at 83 ("[I]t was error to expand the intentional torts exception to include the torts of assault and battery."). Thus, the City's claim of immunity must fail.

The Tennessee Supreme Court also noted that a municipality can be held liable when its own negligence allows its employees

11

to commit an intentional tort, for which the TGTLA does not retain immunity.  Id. at 84.  The City is correct that, to succeed on any claim, the actions of the municipality's employees must have been foreseeable.  Id.; see also id. at 88 (noting that, when the act is foreseeable and all tortfeasors are parties to the suit, liability on the part of all defendants is joint and several).  In the present case, the question of foreseeability is best left for consideration on summary judgment.  The Court, therefore, DENIES the City's Motion to Dismiss the TGTLA claim.

**V.    CONCLUSION**

The Court finds that it is appropriate to exercise the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a) to adjudicate Plaintiff's state-law claims.  The Court GRANTS the Motion to Dismiss the § 1983 failure-to train claim against the City because Birgs has failed to plead facts sufficient to "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Because the TGTLA does not retain sovereign immunity for the intentional torts of assault and battery, however, the Court DENIES the City's Motion to Dismiss the state-law claims.

So ordered this 18th day of February, 2010.

```
                              s/ Samuel H. Mays, Jr.
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE
```